USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    STIPULATION AND ORDER
                                 :
          -v.-                   :    09 Cr. 433 (JGK)
                                 :
ARTHUR NADEL,                    :
                                 :
          Defendant.              :
                                 :
- - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 28, 2009, ARTHUR NADEL, (the "defendant"), was charged in a fifteen-count Indictment 09 Cr. 433 (JGK) (the "Indictment"), with, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts One through Six); mail fraud in violation of Title 18, United States Code, Sections 1341 and 2 (Count Seven); and wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Eight through Fifteen);

        WHEREAS, the Indictment includes forfeiture allegations, providing notice that the Government is seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the fraud offenses, including, but not limited to, the following:

a.  At least approximately $360 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged securities fraud, mail fraud, and wire fraud offenses;
b.  Any and all funds on deposit in Account No. 2840109316 held in the name of Marguerite J. Nadel Revocable Trust at Northern Trust, N.A.;
c.  The real property and appurtenances known and described as 3966 Country View Drive, Sarasota, Florida;
d.  The real property and appurtenances known and described as 15576 Fruitville Road, Sarasota, Florida;
e.  The real property and appurtenances known and described 131 Garren Creek Road, Fairview, North Carolina;
f.  The real property and appurtenances known and described as approximately acres and forty-five lots in the name of Scoop Capital, LLC, in Thomasville, Georgia;
g.  The real property and appurtenances known and described as approximately thirty-seven acres in the name of Scoop Capital, LLC, in Grady County, Georgia;
h.  All right, title, and interest in the entity known and described as the Venice Jet Center located in Venice, Florida;
i.  All right, title, and interest in the entities known and described as Laurel Mountain Preserve, LLC, Laurel Preserve, LLC, and Laurel Mountain Preserve Homeowners Association, Inc., including, but not limited to, 420 acres in Buncombe County and McDowell County, North Carolina;
j.  All right, title, and interest in the entity known and described as Tradewind, LLC, including, but not limited to, five airplanes, one helicopter, and thirty-one airport hangars, located in Newnan-Coweta County Airport, Georgia; and
k.  All right, title, and interest in the entity known and described as the Guy-Nadel Foundation, Inc.;

WHEREAS, on or about February 24, 2010, the defendant pled guilty to Counts One through Fifteen of the Indictment pursuant to an agreement with the Government ("the Agreement");

WHEREAS, in the Agreement, the defendant agreed to forfeit to the Government a sum of money equal to $162,000,000 in United States Currency (the "Money Judgment"), and all of his right, title and interest in the following properties:

A. Any and all funds on deposit in Account No. 2840109316 held in the name of Marguerite J. Nadel Revocable Trust at Northern Trust, N.A.;

B. The real property and appurtenances known and described as 15576 Fruitville Road, Sarasota, Florida;

C. The real property and appurtenances known and described as 131 Garren Creek Road, Fairview, North Carolina;

D. The real property and appurtenances known and described as approximately fourteen acres and forty-five lots in the name of Scoop Capital, LLC, in Thomasville, Georgia;

E. The real property and appurtenances known and described as approximately thirty-seven acres in the name of Scoop Capital, LLC, in Grady County, Georgia;

F. All right, title, and interest in the entity known and described as the Venice Jet Center located in Venice, Florida;

G. All right, title, and interest in the entities known and described as Laurel Mountain Preserve, LLC, Laurel Preserve, LLC, and Laurel Mountain Preserve Homeowners Association, Inc., including, but not limited to, 420 acres in Buncombe County and McDowell County, North Carolina;

H. All right, title, and interest in the entity known and described as Tradewind, LLC, including, but not limited to, five airplanes, one helicopter, and thirty-one airport hangars, located in Newnan-Coweta County Airport, Georgia; and

3

    I.    All right, title, and interest in the entity known and described as the Guy-Nadel Foundation, Inc.

(hereinafter the "Specific Properties");

WHEREAS, on or about October 21, 2010, the defendant was sentenced and ordered to forfeit his interest in the Specific Properties and to the Money Judgment;

WHEREAS, in an order dated October 21, 2010, the Court entered a Preliminary Order of Forfeiture/Final Order of Forfeiture as to Defendant's Interest in Specific Property, which entered the Money Judgment against the defendant and forfeited all of the defendant's right, title and interest in the Specific Properties;

WHEREAS, on June 24, 2011, Wells Fargo Bank, N.A. ("Wells Fargo" or "Petitioner") filed its Verified Petition pursuant to 21 U.S.C. § 853(n)(2), and Fed. R. Crim. P. 32.2(c), seeking a hearing to adjudicate its interest in the Laurel Mountain Preserve Property, which petition was amended on July 2, 2011;

WHEREAS, on February 12, 2012, this Court entered a Stipulation and Order vacating the Preliminary Order of Forfeiture as to the Laurel Mountain Preserve Property;

WHEREAS, other than Wells Fargo's Verified Petition, no other forfeiture petition has been filed in this action and

4

no person has otherwise filed any submission in this action asserting a legal interest in any of the Specific Properties;

WHEREAS, the Government has applied to the Court for an order vacating the Preliminary Order of Forfeiture as to the Specific Properties on the grounds that this would enable the distribution of proceeds of Nadel's criminal activity by the Receiver appointed in Securities and Exchange Commission v. Nadel, 09-cv-87-T-26TBM (M.D. Fla.) to Nadel's victims, and no opposition has been filed;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.   The Preliminary Order of Forfeiture/Final Order of Forfeiture as to Defendant's Interest in Specific Property is vacated as to the Specific Properties.

5

2. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Order.

SO ORDERED:

_____          4/23/12
HONORABLE JOHN G. KOELTL                 DATE
UNITED STATES DISTRICT JUDGE

*The Clerk is directed to close docket No. 95.*

*So ordered.*
*J.G. Koeltl*
*4/23/12  U.S.D.J.*

6